IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANDINE BOURDON,

          Plaintiff,

vs.                                        CIVIL NO. 08-317 LH/LFG

TESUQUE PUEBLO,
OFFICE OF THE GOVERNOR and
TESUQUE PUEBLO TRIBAL
LAW ENFORCEMENT DEPT.,

          Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING LIMITED WAIVER OF COSTS
AND DISMISSING COMPLAINT WITH PREJUDICE**

**Waiver of Filing Fee**

Plaintiff Shandine Bourdon ("Bourdon") seeks the Court's order authorizing her to proceed with this litigation without payment of costs and fees [Doc. 2]. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive fees. The intent of this statute is to facilitate access to the courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible . . . to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Bourdon submitted an affidavit indicating that she is unemployed, single, and earns no income. Bourdon states that she has no savings, cash on hand, stocks, bonds or any other assets which can be used to satisfy litigation costs. She owns real estate within the Santa Clara Pueblo.

Bourdon asserts that she is responsible for the support of two dependents, even though she submitted tax returns from 2006 that do not indicate any dependents. Based on the information

provided, the Court concludes that Bourdon is unable to pay the costs of litigation. Accordingly, the Court authorizes the filing of her Complaint without payment of the filing fee.

## Authority for *Sua Sponte* Analysis

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

In response to this congressional concern, federal courts were specifically authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, the Court may conduct a *sua sponte* review of a complaint pursuant to this section and dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1108-1109 (10th Cir. 1991).

In reviewing a *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Bourdon's Civil Rights Complaint [Doc. 1].

## Discussion

Bourdon sues the Office of Governor of the Tesuque Pueblo and the Tribal Law Enforcement Department of Tesuque Pueblo. It also appears that she attempts to sue "unknown" tribal officers, identified as "John Doe" in her Civil Rights Complaint. [Doc. 1.] She claims that the Defendants

were acting under "color of state law" as they were dressed in uniforms and carried guns at a "DUI roadblock." [Doc. 1, p. 1.]

The underlying facts of the case are that Bourdon, her brother and her sister were stopped at a DUI roadblock on March 17, 2008, in Tesuque. They were asked, one at a time, to exit the vehicle so that officers could conduct a search. Two officers allegedly took Bourdon's brother and sister for questioning. Bourdon was the last to be removed from the car and questioned. During questioning, an unidentified Tesuque Tribal officer allegedly told Bourdon "under his breath" that "if he could have it his way he would turn [Bourdon] around and fucking fuck [her]." [Doc. 1, p. 3.] Bourdon claims that after the officer made this statement, he backed away having observed another officer approaching. Bourdon had been handcuffed but then was released and instructed to get back in the car. She claimed to fear reprisals and alleged that the officer verbally assaulted her and "violated sexualy [sic] threatened her." Bourdon alleged that, on March 19, 2008, she filed a formal complaint regarding this incident with the BIA, but had not received any response.

Bourdon further asserted in her Complaint that her brother was arrested at the roadblock. She attached a criminal complaint filed by the Pueblo of Tesuque against her brother, dated March 18, 2008, for possession of over one ounce of marijuana. Across the front of the complaint are the handwritten words "dismissed w/out prej." [Doc. 1, attachment.] There is another criminal complaint attached, also dated March 18, 2008, that charges Bourdon's brother with "4th Offense Driving Under the Influence of Intoxicating Liquor and/or Drug." There is no indication on this criminal complaint that it was dismissed. A third criminal complaint is attached, charging Bourdon's brother with driving on revoked/suspended driver's license. [Doc. 1, attachments.]

Bourdon also included a "voluntary statement" printed on a form with the caption "Bureau of Indian Affairs, Northern Pueblo Agency, Law Enforcement Services." The voluntary statement

3

provided by Bourdon is similar to the allegations made in her federal Civil Rights Complaint. In addition, for unknown reasons, Bourdon attached some social security application forms. One of these forms indicates that Bourdon is a potter in Santa Clara Pueblo and had gross earnings of $2500.00 in the year 2007. [Doc. 1, attachments.]

## **Analysis of Present Lawsuit**

A review of Bourdon's Civil Rights Complaint indicates she seeks to sue tribal entities, i.e., the Governor of Tesuque Pueblo and the Pueblo Tribal Law Enforcement Department. It is not clear from the Complaint, what relief Bourdon requests, other than a dismissal of all criminal charges filed against her family members on the date in question. Under the section entitled "I believe that I am entitled to the following relief," Bourdon wrote: "Tort Claim Criminal Complaint Sexual Harressment [sic] Verbal Threats all charges against my family, myself be dropped. Free from physical and mental harressment [sic], abuse not to be sexualy [sic] violated. Stalked-assaulted." However, based on the attachments provided by Bourdon, it appears that only the brother was charged with criminal offenses. Moreover, those charges do not relate in any way to the allegations made by Bourdon against Defendants in this case. Bourdon's Complaint might also be interpreted as an attempt to prevent or enjoin various pueblo police officers and the Tesuque Tribal Governor's Office from allegedly harassing or assaulting her in the future. The Complaint does not state that Bourdon seeks an award of monetary damages.

Indian tribes, as sovereign powers, possess common-law immunity from suit. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978). Congress has authority to limit or control tribal sovereign immunity, but must do so unequivocally. Id.; E.F.W. v. St. Stephen's Indian High School, 264 F.3d 1297, 1304 (10th Cir. 2001). Neither 42 U.S.C. § 1983 nor 28 U.S.C. § 1343, under which Bourdon alleges jurisdiction [in the form complaint], can be construed as a congressional intent to

waive tribal sovereign immunity. Therefore, Bourdon's claims against the Tesuque Pueblo, the Governor of the Tesuque Pueblo in his official capacity, and the Tesuque Pueblo's Tribal Law Department must be dismissed based on tribal sovereign immunity.

Bourdon's Complaint, although unclear, may attempt to assert claims against unidentified Tesuque Pueblo Tribal police officers. If sued in their personal capacities, the tribal police officers are not entitled to sovereign immunity. *See* Santa Clara Pueblo, 436 U.S. at 59. However, any such claims against the individual unidentified officers must be dismissed for another reason.

Bourdon brings these purported claims under 42 U.S.C. § 1983. For a § 1983 claim to survive, Bourdon must demonstrate that the tribal police officers acted under color of state law. St. Stephen's Indian High School, 264 F.3d at 1305 (the only proper defendants in §1983 action are those who represent the state in some capacity).

In this case, there is an allegation that the individual tribal police officers acted under color of state law based on the fact that they were wearing tribal police uniforms and carrying guns. Wearing tribal police department uniforms, however, indicates that the officers were acting under authority of tribal law. Actions taken by tribal police officers under the authority of tribal law do not constitute actions under state law. Therefore, a § 1983 claim against them cannot survive.

## **Conclusion**

For all of the above-stated reasons, the Court concludes that Bourdon's Complaint must be dismissed, with prejudice, for lack of subject matter jurisdiction, or alternatively, for failure to state a claim.

IT IS THEREFORE ORDERED that: (1) Bourdon may proceed without payment of costs and fees; and (2) that her Complaint is hereby DISMISSED, with prejudice.

_____
UNITED STATES DISTRICT JUDGE